IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES L. MAHAFFEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-1243-SLP |
| ) | |
| WILLIAM "CHRIS" RANKINS, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

Petitioner James L. Mahaffey, a state prisoner appearing pro se, was sentenced to life without the possibility of parole after being convicted of assault and battery with a deadly weapon, kidnapping, and possession of a firearm after a conviction. *See State of Oklahoma v. Mahaffey*, Case No. CF-2009-45 (Grady Cty. Okla.). Petitioner initiated this action on November 27, 2024 by filing a "MOTION Post Conviction D.N.A., Pursuant to 18 U.S.C. § 3600." [Doc. No. 1]. In this Motion, Petitioner claimed the State failed to conduct DNA testing on the relevant firearm both during and after trial. His Motion asked the Court to (1) "issue an order to the F.B.I. to take control of" the firearm; (2) order the F.B.I. to test the firearm "for the victim's blood and [Petitioner's] D.N.A.," and (3) "provide the State and [Petitioner] the results of the test." *Id.* at 12.

The Clerk of Court docketed the Motion as a Petition for Writ of Habeas Corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings. *See* [Doc. No. 3]. Judge Erwin screened the Motion as a § 2254 petition and ordered Petitioner to cure several

deficiencies by, *inter alia*, resubmitting his request on the Court's standard form for state prisoners seeking a writ of habeas corpus under 28 U.S.C. § 2254. *See* [Doc. No. 4]. The Court Clerk mailed Petitioner a copy Judge Erwin's order and the Court's § 2254 form.

Petitioner filed his Amended Petition [Doc. No. 7] on the provided § 2254 form. The Amended Petition asserts substantively similar claims regarding the State's failure to conduct DNA testing on the firearm. Judge Erwin issued a Report and Recommendation [Doc. No. 9] in which he recommends dismissal of the Amended Petition as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Judge Erwin further found that Petitioner's claim could not be raised in a § 2254 petition because "a postconviction claim for DNA testing is properly pursued in a § 1983 action." *Id.* at 8 (quoting *Skinner v. Switzer*, 562 U.S. 521, 525 (2011)).

Petitioner timely filed an Objection to the R. & R. in which he explains that he did not intend to seek habeas relief under § 2254, but to "invoke a proceeding for D.N.A. testing pursuant to 18 U.S.C. § 3600." [Doc. No. 10] at 2. He argues that Judge Erwin's deficiency order "was a mandatory directive for [Petitioner] to file a § 2254" petition, and that the order "placed [him] under coercion and duress . . . as [he] was in fear of a sanction, or a strike, or any other form of displinary [sic] action 'if' [he] failed to file anything other than a § 2254." *Id.*

Along with his Objection, Petitioner filed a "Motion to Stay the Proceeding" [Doc. No. 11] in which he asks the Court to stay his § 2254 action while he pursues relief under § 1983. In his Motion to Stay, Petitioner contends that the "Court provided an erroneous directive . . . to cure deficiencies as a § 2254 Habeas Petition was/is an improper

'vehicle' for 18 U.S.C. § 3600." [Doc. No. 11] at 3.  He expresses his intent to "file an amended Habeas Corpus Petition" after he files a § 1983 action.  *Id.* at 4.  The Court liberally construes the Objection and Motion to Stay [Docs. No. 10, 11] as a request to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).[1]

Typically, a state prisoner can file just one § 2254 petition.  Before filing a second or successive petition, he must obtain prior authorization from the relevant circuit court of appeals.  *See* 28 U.S.C. § 2244(a).  Under certain circumstances, however, a district court can dismiss a § 2254 action without triggering the restriction on second or successive petitions.  *See Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (providing examples).  When a petitioner requests dismissal of a § 2254 action, the Court looks to the "entirety of the circumstances" to determine whether it should "count" for purposes of AEDPA.  *United States v. Rejda*, 790 F. App'x 900, 905 (10th Cir. 2019) (evaluating § 2255 motion).  The Court may consider whether any of the claims have been conceded or decided on the merits after the Court engages in a substantive review.  *See id.* at 903–04 (citing *Haro-Arteaga*, 199 F.3d at 1197); *see also Thompson v. Bryant*, 750 F. App'x 708, 710–11 (10th Cir. 2018).

---

[1] Petitioner does not specifically cite Rule 41 or request dismissal without prejudice.  It is clear, however, that he wishes to "pause" this action—without triggering the bar on a second or successive petition—while he pursues his DNA testing claim in a § 1983 action.  *See, e.g.*, [Doc. No. 11] at 4.  The Court declines to indefinitely stay this action when dismissing the action without prejudice will accomplish Petitioner's goals.  Further, because the Amended Petition appears to be untimely under AEDPA, a dismissal in lieu of a stay does not prejudice Petitioner.

Upon careful review and under the specific circumstances of this case, the Court concludes the action should be dismissed, and that it should not count as a first § 2254 motion.[2]  *Cf. Rejda*, 790 F. App'x at 905 (finding petitioner's actions "objectively indicate[d] that he had concluded his motion was doomed" after new Supreme Court decision weakened his position).  To be sure, the initial motion referenced certain constitutional claims based on the State's failure to test the firearm at trial.  *See* [Doc. No. 1] at 3–4.  But the substance of the motion (as evidenced by the title and relief requested) relates to Petitioner's request for additional post-conviction DNA testing pursuant to 18 U.S.C. § 3600.[3]  And the R. & R. did not opine as to the substantive merits of that claim.

Even where a motion arguably challenges the constitutional validity of a state conviction, the Court "must notify the pro se litigant of its intent to recharacterize a mislabeled motion, warn the litigant of potential consequences under the AEDPA's 'second or successive' provisions, and provide the litigant with an opportunity to withdraw or amend the motion."[4]  *Patrick v. Crow*, No. 19-CV-0370-GKF-FHM, 2019

---

[2] Courts typically decide whether a first motion "counts" upon the filing of a subsequent motion. *See, e.g.*, *United States v. Ortiz*, No. 05-20036-CM, 2018 WL 1304827, at *2 (D. Kan. Mar. 13, 2018).  The Court engages in this analysis now because Petitioner has teed up this issue, and because it informs why the Court is dismissing rather than staying this action.

[3] That statute expressly states (1) that it does not "provide a basis for relief in any Federal habeas corpus proceeding," and (2) that "[a] motion under this section shall not be considered to be a motion under section 2255 for purposes of determining whether the motion or any other motion is a second or successive motion under section 2255." 18 U.S.C. § 3600(h)(2)–(3).  The statute references federal collateral attack proceedings because it applies to "individual[s] sentenced to imprisonment or death pursuant to a conviction *for a Federal offense*." *Id.* § 3600(a) (emphasis added).  Nevertheless, these carveouts support the Court's conclusion that this action should not bar the subsequent filing of a § 2254 motion.

[4] These notification requirements apply "only when a court intends to recharacterize a mislabeled motion as a *first* § 2254 habeas petition." *Patrick*, 2019 WL 11583356, at *2 (emphasis added)

4

WL 11583356, at *2 (N.D. Okla. July 29, 2019) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)).  None of those steps were taken before the initial Motion was construed as a § 2254 petition and Petitioner was ordered to resubmit his claims on the Court's form.  To be sure, Petitioner chose to fill out the § 2254 form that was mailed to him, but it appears he did so only because he was following Judge Erwin's specific directive.  *Cf. United States v. Ramos*, 759 F. App'x 718, 721 (10th Cir. 2019) (concluding district court did not recharacterize filing where petitioner's "initial motion was labeled a § 2255 motion").  Further, Petitioner promptly objected and explained that he intended to compel further DNA testing—not seek habeas relief—which is a reasonable interpretation of his initial Motion.  Considering the totality of the unique circumstances presented here, the Court will dismiss this action without prejudice.

  IT IS THEREFORE ORDERED that the Court DECLINES to adopt the R. & R. [Doc. No. 9].

  IT IS FURTHER ORDERED that Petitioner's Motion to Stay [Doc. No. 11] is GRANTED in part, as specifically set forth herein.  This action is DISMISSED without prejudice to refiling.

  IT IS SO ORDERED this 21st day of March, 2025.

---

(citing *Castro*, 540 U.S. at 377, 383).  Because this would be Petitioner's first § 2254 petition, *see* [Doc. No. 2], the procedural safeguards apply to him.  *See United States v. Spry*, 260 F. App'x 52, 54 (10th Cir. 2008) (noting "district court erred in failing to provide [defendant] with notice about its intent to recharacterize" post-judgment motion even though § 2255 motion was time barred).  The Court expresses no opinion as to whether any future § 2254 motion would be timely under AEDPA.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE